IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

THE ESTATE OF JANET GREEN,
JENNIFER L. WELSH,
EXECUTRIX                                                                                           PLAINTIFF

vs.                                                              CAUSE NO. 3:25-cv-460-CWR-LGI

DUKE ENERGY CORPORATION;
BROADRIDGE FINANCIAL SOLUTIONS. INC. d/b/a
BROADRIDGE CORPORATE ISSUER SOLUTIONS, LLC;
ENBRIDGE INC. successor in interest to SPECTRA ENERGY;
and DOES 1-5                                                                                    DEFENDANTS

## COMPLAINT

### JURY TRIAL DEMANDED

COMES NOW Jennifer L. Welsh, Executrix of the Estate of Janet Green, and files the Estate's Complaint against Duke Energy Corporation, Broadridge Financial Solutions, Inc. d/b/a Broadridge Corporate Issuer Solutions, LLC, Enbridge Inc. successor in interest to SPECTRA ENERGY, and Does 1-5 as follows:

### I. PARTIES

1.      Plaintiff Jennifer L. Welsh is the acting Executrix of the Estate of Janet Green. Executrix Welsh is filing this Complaint in her representative capacity and pursuant to her statutory duties. Therefore, the real party in interest is the Estate of Janet Green. Executrix Welsh is an adult resident citizen of Hinds County, Mississippi. Janet Green was a resident of Madison County, Mississippi, at the time of her death. The Estate of Janet Green is being administered in the Chancery Court of Madison County, Mississippi.

-1-

2.      Duke Energy Corporation ("Duke Energy") is a Delaware Corporation that does business in the state of Mississippi and that has committed a tort in whole or in part against the Estate of Janet Green.  Duke Energy may be served with process of this Court through its agent for service of process: The Corporation Trust Center, 1209 Orange St., Wilmington, DE 19801.

3.      Broadridge Financial Solutions, Inc. ("Broadridge") is a Delaware Corporation that manages securities and/or otherwise does business in the state of Mississippi, and that has committed a tort in whole or in part against the Estate of Janet Green.  Broadridge may be served with process of this Court through its agent for service of process: Corporation Service Company, 251 Little Falls Drive,  Wilmington, DE 19808.

4.      Enbridge Inc. is foreign corporation that does business in the state of Mississippi and that has committed a tort in whole or in part against the Estate of Janet Green.  Enbridge may be served with process of this Court at its corporate offices located at: 915 North Eldridge Parkway, Suite 1100, Houston, TX 77079.

5.      Does 1-5 are unknown entities that are or could be liable to the Estate for the actions and/or inactions described herein.  The Estate reserves the right to add Does 1-5 to this case when their identities become known.

## II. JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 in that the parties are citizens of different states and the amount in controversy exceeds $75,000.  Venue is proper in the Northern Division.  This Court has personal jurisdiction over the parties.

## III. FACTS

7. John W. Nuzum, Jr. was Janet T. Nuzum Green's first husband. John Nuzum died in 1955.

8. At his death, John Nuzum's Public Service Company of Indiana, Inc. ("PSC Indiana") stock shares were transferred to his widow Janet T. Nuzum. PSC Indiana merged into Cinergy Corporation which was subsequently acquired by Duke Energy.

9. After Janet Green remarried, the subject stock certificates were reissued to "John W. Nuzum Jr. c/o Janet Talbot Green Heir EST" Duke Energy Account No. XX8012.

10. Throughout the history of the Duke Energy stock, Duke Energy reported the payment and/or reinvestment of dividends to the IRS through 1099-DIVs attached to Janet Green's SSN and home address.

11. On November 29, 2006, Duke Energy announced to its shareholders, including Janet Green, that Duke Energy had spun off its natural gas business into a separate company, Spectra Energy Corp. As a result of the spin-off, Janet Green received one-half share of Spectra Energy stock for each share of Duke Energy stock.

12. On October 10, 2011, Janet Green was notified that Spectra Energy had appointed Broadridge as the transfer agent and issuer for her Spectra common stock. All of Janet Green's account information was transferred to Broadridge.

13. In 2017, Spectra Energy merged with Enbridge Inc. Upon information and belief, Janet Green's Spectra stock was reissued for equal shares of Enbridge stock.

14. Upon information and belief, all Duke Energy and/or Spectra Energy and/or Enbridge stock dividends would have been reinvested.

15. On April 26, 2024, Janet Green died. At her death, all Duke Energy and/or Spectra Energy and/or Enbridge stock became an asset of the Estate of Janet Green.

16. On November 5, 2024, November 20, 2024, and February 24, 2025, Executrix Welsh caused correspondence to be delivered to Duke Energy Investor Relations and Broadridge as part of her statutory obligation to account for and manage the assets of the Janet Green Estate. After being requested to do so, Duke Energy and/or Broadridge and/or someone acting on their behalf refused to provide the Estate with information regarding the Estate's stock and has otherwise exercised control over such stock in a manner adverse to the Estate's interests.

### IV. CAUSES OF ACTION

#### Conversion

17. Executrix Jennifer Welsh incorporates by reference all allegations of this Complaint.

18. Under Mississippi law, all assets held by a person become assets of the person's estate at death. At her death, all Duke Energy and/or Spectra Energy and/or Enbridge stock owned by Janet Green became assets of the Janet Green Estate.

19. The subject stock represented Janet Green's ownership in the subject company(s) and, therefore, was not a debt owed to Janet Green.

20. After being properly notified, Defendants and/or their agents knew that the subject stock was the property of the Janet Green Estate and that Defendants had a duty to deliver such stock to Executrix Welsh. Instead, Defendants and/or their agents, with purposeful intent, chose to exercise dominion and control over such stock in a manner adverse to the Estate and/or to the exclusion of the Estate's interest.

21.    Defendants and/or their agents are liable to the Estate for the tort of conversion

## V. RESPONDEAT SUPERIOR

22.    Executrix Jennifer Welsh incorporates by reference all allegations of this Complaint.

23.    Duke Energy and/or Broadridge and/or Enbridge are liable for the actions and/or inactions of each other and/or the actions and/or inactions of their agents and employees under the doctrine of respondeat superior.

## VI. DAMAGES

24.    Executrix Jennifer Welsh incorporates by reference all allegations of this Complaint.

25.    The Estate claims as damages all financial losses related to the unlawful and unauthorized conversion of stock in an amount to be proven at trial.

26.    The actions and/or inactions described herein were willful, intentional, and/or so grossly negligent so as to entitle the Estate to an award of punitive damages against Defendants.

WHEREFORE PREMISES CONSIDERED, Executrix Jennifer Welsh, on behalf of the Estate of Janet Green, demands judgment against Duke Energy Corporation, Broadridge Corporate Issuer Solutions, Inc. and Enbridge Inc. for all damages to which the Estate is legally entitled, including actual damages, punitive damages, attorney's fees, costs, prejudgment interest, and post judgment interest.

DATED this the 24th day of June, 2025.

Respectfully submitted,

By:    */s/ C. Victor Welsh, III*
       C. Victor Welsh, III (MSB #7107)

OF COUNSEL:

C. VICTOR WELSH, III (MSB# 7107)
Email: cvw@prwlaw.com
Ann R. Chandler (MSB# 101519)
Email: achandler@prwlaw.com
PITTMAN, ROBERTS & WELSH, PLLC
410 South President Street
Jackson, Mississippi 39201
(601) 948-6200 - phone
(601) 948-6187 - facsimile

*Attorneys for the Estate of Janet Green
and Jennifer L. Welsh, Executrix*